[Filed January 30, 1888.]

MARY J. MOONEY, RESPONDENT, *v.* GEORGE W. HOLCOMB, APPELLANT.

EVIDENCE, BEST—WHEN PRODUCED.—Where the evidence offered clearly established the mistake alleged, and was uncontradicted, and the record disclosed this to have been admitted by the original parties to the transaction, *held*, that the failure to call such parties as witnesses did not infringe the rule that the best evidence must be produced.

APPEAL from Clackamas County.  Affirmed.

*C. D. & D. C. Latourette,* for Appellant.

*Johnson, McCowan & Idleman,* for Respondent.

LORD, C. J.—This is a suit to reform certain deeds, on the ground of mistake in the description. The facts are stated in *Holcomb* v. *Mooney,* 13 Or. 503, and for the purposes of this case it is not necessary to restate them. The only dispute is as to the true course of the line between the two tracts of land. The deeds all mention the line as south 65 degrees east, when the plaintiff claims that the line should be 55 degrees east, which would include the tract of land in controversy. It is not disputed but that the evidence which preceded the execution of the deeds showed that the parties intended to convey and receive the identical land which is the subject-matter of this litigation, and that the description in the deeds does not conform to the original memorandum furnished for the purpose of properly describing the property; nor does there seem to be any room for controversy on this point. Looking at the evidence, it is beyond doubt that the line actually run and surveyed is as alleged, and included the *locus in quo.*

The mistake arose out of the original deed given by Miss Paddock to her sister Mrs. Dedman, and the only real question here is whether it conforms to the intentions of the parties. It seems, however, that Miss Paddock did not testify at the trial, or her sister, and the counsel claims because of the failure to produce them and require them to testify that there was in this circumstance the holding back of evidence which raises a presumption against the plaintiff. He assumes that the testimony of these parties as to the property intended to be conveyed would be the higher evidence, and that their failure to testify raises the presumption of our statute that such "higher evidence would be adverse from the inferior being produced." (Hill's Code, subd. 6, § 776.) Now the record discloses that Miss Paddock admitted the mistake in her deed, and made no defense, and the same is true as to Mrs. Dedman; that the surveyor at their instance and for the purpose of furnishing a description of the land to be conveyed, actually run the line as alleged, aided and assisted by the

husband of Mrs. Dedman, and made a memorandum thereof, to be used by the scrivener who should write the deed; that the scrivener drew the deed at his office, and did not incorporate the description as given to him, but by some inadvertence or oversight made the mistake referred to. And what is more, both parties acted upon, took possession of, and held the lands, not according to the mistaken description in the deed, but as they intended and supposed had been conveyed as given in the memorandum. One built a house upon the disputed tract, and in sight of the residence of the other party; and all the acts done after the execution of the deed and circumstances connected therewith are irreconcilable with the description in the deed, and show more plainly and decisively what the parties understood and meant to convey and receive than any mere declaration of the parties as to their intentions.

Acts are often more decisive of the intent, or what was supposed to have been intended, than any declarations could possibly effect; and here, not only what preceded, but what followed the execution of the deed are only consistent with including the land in dispute in such description. There is not an iota of testimony to the contrary, nor is the testimony given involved in any doubt that the description as alleged is not the true description, nor is it disputed but what the proof shows that the line run by the surveyor is the line intended to be the one used in such description. It is only said, while your evidence shows there was a mistake, and we have no testimony to contradict it, no matter how well the judicial mind may be satisfied of its truth, yet unless Miss Paddock will come on the witness-stand and swear that there was such a mistake, then the evidence is worthless by reason of the presumption evoked. As we have shown, the record taken in all its parts shows this as conclusively as it is possible for evidence to do, and that much of it was a part of the transaction itself, and was not a substitution of inferior evidence, or even a selection of weaker instead of stronger proof; which is said not to be an infringement of the rule that the best evidence must be produced.

It is admitted that the non-production of evidence clearly

XV. OR.—41.

within the power of a party creates a strong presumption that, if produced, it would be against him.   Our Code provides, "that if the weaker and less satisfactory evidence is offered, when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be reviewed with distrust."   (Hill's Code, § 845, subd. 7.)   But that is not this case, much less the presumption invoked by the subdivision of the section cited by counsel and already referred to.

The decree must be affirmed.